of chapter 318 of the Laws of 1983" *(Krantz v Mendel & Son,* 60 NY2d 667, 668-669). The failure to provide a reasonable excuse for the inordinate delay requires dismissal of the action *(see, Whitney v Stewart,* 175 AD2d 674; *Iafallo v Dolan,* 162 AD2d 965).

The holding of the majority abolishes the statutory requirement that, in support of a motion to excuse a default in pleading or to compel the acceptance of a pleading untimely served, the movant must show a "reasonable excuse for delay or default" (CPLR 3012 [d]). Following the logic of the majority, henceforth, any excuse, however unreasonable, will be sufficient as long as it is attributed to counsel. (Appeal from Order of Supreme Court, Monroe County, Galloway, J.—Dismiss Complaint.) Present—Callahan, J. P., Balio, Doerr, Boomer and Boehm, JJ.

■ OpCo, Inc., et al., Appellants, v Judson L. Leve et al., Respondents. (Appeal No. 1.) [595 NYS2d 705] —Appeal unanimously dismissed without costs *(see, Loafin' Tree Rest. v Pardi* [appeal No. 1], 162 AD2d 985). (Appeal from Order of Supreme Court, Erie County, Gorski, J.—Summary Judgment.) Present —Callahan, J. P., Doerr, Boomer and Boehm, JJ.

■ OpCo, Inc., et al., Appellants, v Judson L. Leve et al., Respondents. (Appeal No. 2.) [595 NYS2d 585] —Order unanimously affirmed with costs. Memorandum: Supreme Court properly granted defendants' motion for summary judgment dismissing plaintiffs' action for breach of contract. Defendants provided proof that they had not breached the contract. Because no closing date was ever scheduled, defendants' obligation to provide estoppel certificates never ripened. Further, defendants demonstrated that the tenant was not in default of the terms of its lease until after the contract had expired. Thus, defendants did not breach the contract by failing to inform plaintiffs of the tenant's default. Moreover, plaintiffs were fully aware of the tenant's pending bankruptcy and, despite that knowledge, plaintiffs elected to twice extend the contract.

The contract unambiguously provided that defendants were entitled to retain all down payments made by plaintiffs pursuant to the contract if the closing did not take place by October 19, 1990. Plaintiffs failed to submit evidence sufficient to raise a triable issue of fact concerning defendants' breach of the contract. Consequently, because the closing did not take place